[No. 37154.    Department Two.    March 5, 1964.]

PUBLIC UTILITY DISTRICT No. 1 OF GRAYS HARBOR COUNTY, *Respondent*,
v. THE PUGET SOUND POWER & LIGHT COMPANY, *Petitioner*,
OLD COLONY TRUST COMPANY, *Respondent*.*

*Holman, Marion, Black, Perkins & Coie, Richard E. Williams*, and *Graham H. Fernald*, for petitioner.

*Omar S. Parker, Houghton, Cluck, Coughlin & Schubat*, and *Paul Coughlin*, for respondent.

PER CURIAM.—This matter is brought here on certiorari by the Puget Sound Power & Light Company, petitioner (hereinafter referred to as PSP&L), to review the propriety of an order of public use and necessity made and entered in the Superior Court for Grays Harbor County at the behest of Public Utility District No. 1 of Grays Harbor County (hereinafter referred to as PUD #1).

The facts are simple. The PUD #1, seeking to acquire certain electric properties of PSP&L, initiated condemnation proceedings based upon the provisions of RCW 54.24.020, which read as follows:

"Whenever the commission of a public utility district, organized pursuant to chapter 1 of the Laws of 1931 (sections 11605 et seq. of Remington's Revised Statutes) shall deem it advisable that the district purchase, purchase and condemn, acquire or construct any public utility, or make any additions or betterments thereto or extensions thereof, the commission shall provide therefor by resolution, which shall specify and adopt the system or plan proposed and *declare the estimated cost thereof, as near as may be,* including as part of such cost funds necessary for working capital for the operation of such public utility by the district and for the payment of the expenses incurred in the acquisition or construction thereof, and shall specify whether general obligation bonds or revenue obligations are to be issued to defray such cost and the amount of such general obligation bonds or revenue obligations.

"The commissioners may provide in such resolution that any additional works, plants, or facilities subsequently acquired or constructed by the district for the same uses, whether or not physically connected therewith, shall be deemed additions or betterments to or extensions of such public utility." (Italics ours.)

At the hearing on the order of public use and necessity, PSP&L contended that the PUD #1 had not declared the estimated cost of acquisition "as near as may be." In other words, the argument seems to have been that a *good faith* and accurate declaration re acquisition costs was a condition precedent which had to be satisfied by PUD #1

*Reported in 389 P. (2d) 891.

to provide *jurisdictional basis* for the superior court to proceed with the hearing on the question of public use and necessity. Counsel for PSP&L apparently made some effort to proffer evidence respecting the value of the electric properties of the PSP&L sought by PUD #1, which value purportedly would have been in excess of that declared by PUD #1. Counsel for PSP&L also moved to dismiss the condemnation proceedings.

The trial court ruled against the contentions of PSP&L, holding that the question of dollar value and damages, and evidence relating thereto, was premature; that the only questions then before the court related strictly to the matter of public *use* and *necessity*. The motion of PSP&L to dismiss the condemnation action was denied, and the trial court granted the order of public use and necessity as sought by PUD #1.

In argument here on certiorari counsel for PSP&L concentrated on the above indicated contentions, stating that time would not be taken to argue the additional point urged in the PSP&L brief; namely, that it was unlawful for the PUD #1 to pay acquisition costs "out of funds derived from the operation of its electric-utility system." We have not ignored the latter point, nor have we treated it as waived by counsel's abstaining from argument; but we find that it deserves no more time than counsel gave to it on appeal.

Finding no error in the action of the trial court, we believe that the order of public use and necessity should stand. It is so ordered.